13-0289-bk
Hoti Enterprises v. GECMC

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of January, two thousand fourteen.

Present:    ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
            DENNY CHIN,
                    *Circuit Judges*.
_____

HOTI ENTERPRISES, L.P.,

              *Debtor*,
_____

HOTI ENTERPRISES, L.P., HOTI REALTY MANAGEMENT CO., INC.,

              *Appellants*,

              -v-                                                          13-0289-bk

GECMC 2007 C-1 BURNETT STREET, LLC,

              *Appellee*.
_____

Appearing for Appellants:    Mark A. Frankel, Backenroth Frankel & Krinsky, LLP, New York, NY.

Appearing for Appellee:      George B. South, III (Daniel G. Egan, *on the brief*), DLA Piper LLP (US), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Hoti Enterprises, L.P. and Hoti Realty Management Co., Inc. (collectively, "Hoti"), appeal from the December 27, 2012 order of the United States District Court for the Southern District of New York (Seibel, *J.*), upholding the bankruptcy's court's Order Denying Motion for Relief from Cash Collateral Order. On appeal, Hoti argues that it is entitled to reconsideration of that order on various grounds provided by Federal Rule of Civil Procedure 60. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court determined that two of the arguments advanced here by Hoti were not raised before the bankruptcy court, and thus had been waived. Those arguments are: (1) Hoti's theory that an October 31, 2011 *pro se* filing in the bankruptcy court should have been construed as a timely motion for reconsideration, thus opening up the possibility of reconsideration under Rule 60(b)(1)-(3); and (2) Hoti's contention that its counsel did not have permission to execute the Cash Collateral Order. We agree, and do not consider these arguments on appeal. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted and alteration in original)).

Further, on appeal, Hoti argues that reconsideration is appropriate under Rule 60(d), which states a court may "entertain an independent action to relieve a party from judgment," Fed. R. Civ. P. 60(d)(1), or "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3). To obtain relief pursuant to Rule 60(d), a claimant must "(1) show that [it has] no other available or adequate remedy; (2) demonstrate that [its] own fault, neglect, or carelessness did not create the situation for which [it] seek[s] equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mistake—for equitable relief." *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997). The type "'of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by a timely motion [under Rule 60(b)].'" *Hadges v. Yonkers Racking Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988)).

The district court correctly held that reconsideration is inappropriate under Rule 60(d)(1) because Hoti could have brought a claim pursuant to Rule 60(b) within one year of the Cash Collateral Order but failed to do so. The bankruptcy court did not abuse its discretion in finding that Hoti was or should have been aware of the fraud it alleges in its reconsideration motion within the time it had to seek relief pursuant to 60(b). As we have established, failure to raise a fraud claim within one year under Rule 60(b)(3) precludes a litigant from alleging that the same fraud entitles it to equitable relief absent extraordinary circumstances. *See Campaniello*, 117 F.3d at 662-63. Here, the extraordinary circumstances that Hoti alleges on appeal—that its former counsel was not permitted to enter into the Cash Collateral Order—was not before the bankruptcy court, as discussed above.

Nor do Hoti's allegations constitute fraud upon the court. "Fraud upon the court as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Hadges*, 48 F.3d at 1325 (internal quotation and alteration omitted). Indeed, "fraud involving injury to a single litigant" will not, by itself, suffice to meet the standards of Rule 60(d)(3). *See Gleason v. Jandrucko*, 860 F.2d 556, 560 (2d Cir. 1988). Accordingly, we affirm the district court's holding with respect to this theory as well.

We have examined the remainder of Hoti's arguments, and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit